Julie BURGER–MOSS and Michael Montgomery, Plaintiffs,

v.

James STEINMAN, Dean Pitchford, CBS Records, a division of CBS, Inc., and Paramount Pictures Corp., Inc., Defendants.

No. 85 Civ. 5127 (MGC).

United States District Court, S.D. New York.

March 14, 1989.

Cristini and Hartnett by Alexander P. Hartnett, New York City, for plaintiffs.

Robert S. Meloni, New York City, for plaintiffs' counsel.

Pryor, Cashman, Sherman & Flynn by Stephen F. Huff, Tom J. Ferber, New York City, for defendants James Steinman and Paramount Pictures.

Gail I. Edwin, New York City, for defendant CBS Records Inc.

## OPINION AND ORDER

CEDARBAUM, District Judge.

On December 9, 1988, in open court, I denied defendants' motions for sanctions under Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and § 505 of the Copyright Act, 17 U.S.C. § 505. Defendants have moved for reconsideration of that decision.

This copyright action was filed in 1985. On June 9, 1988, plaintiffs consented to the entry of summary judgment in favor of defendants on the ground that plaintiffs could not meet their conceded burden of proving that defendants had access to their work. The joint pre-trial order was filed on that same morning, before the summary judgment motion was argued. Defendants are seeking as sanctions the expenses they incurred unnecessarily in preparing both the motion and the pre-trial order since plaintiffs should have withdrawn the lawsuit before the preparation of either of those documents. Defendants Steinman and Paramount Pictures have applied for recovery of wasted attorneys' fees in the amount of $16,190.00. Defendant CBS has applied for reimbursement of $1000.00.

Awarding attorneys' fees, expenses, and costs is discretionary under 28 U.S.C. § 1927 and § 505 of the Copyright Act. Sanctions under Rule 11, on the other hand, are mandatory when a pleading, motion, or other paper has been signed but is not based on an objectively reasonable belief that it is "well grounded in fact and is warranted by existing law or a good faith argument for the extension ... of existing law." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985); *see also Calloway v. Marvel Entertainment Corp.*, 854 F.2d 1452, 1469–70 (2d Cir.1988).

I originally denied defendants' motions both for attorneys' fees and for separate expenses. However, upon more careful examination of the record and the law with respect to the attorneys' fees, I grant defendants' motion for reconsideration, and on reconsideration, I conclude that defendants' motions must be granted against plaintiffs' counsel.

After the filing of defendants' motion for summary judgment, and on the very day on which plaintiffs' counsel signed the joint pretrial order as the basis for proceeding to trial, plaintiffs' counsel conceded plaintiffs' inability to prove their case. This was three years after the case had been filed. By putting defendants to the effort and expense of preparing the joint motion for summary judgment, counsel for the plaintiffs unreasonably and vexatiously multiplied the proceedings, making an award of attorneys fees appropriate under 28 U.S.C. § 1927. The signing of the joint pre-trial order was a clear violation of Rule 11 as well.

Holding counsel responsible rather than plaintiffs themselves is appropriate in this case because knowledge of the legal standards governing plaintiffs' claim was peculiarly within counsels' province. After all the facts had been uncovered, plaintiffs' counsel recognized that plaintiffs were unable to prove access, an essential element of their claim. At that point, counsel had

an obligation not to further multiply the proceedings.

Defendant CBS' motion for attorneys' fees and disbursements in the amount of $1000.00 is granted, and counsel for plaintiffs are directed to reimburse CBS in that amount. With respect to defendants Steinman and Paramount Pictures, their counsel are directed to submit their time records and rates in connection with preparation of the motion for summary judgment and of their part in the joint pre-trial order for the assessment of reasonable fees to be reimbursed by counsel for plaintiffs.

SO ORDERED.